UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELIJAH BURKE, # 148917, )
)
              Plaintiff, )   Case No. 1:11-cv-1044
)
v. )   Honorable Robert Holmes Bell
)
DEBORAH LAWRENCE, et al., )
)   **MEMORANDUM OPINION**
              Defendants. )
_____)

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's action was dismissed on initial screening for failure to state a claim upon which relief may be granted. On appeal, the Sixth Circuit Court of Appeals determined that plaintiff stated a viable claim for retaliation. As summarized by the appellate panel, plaintiff's claim is that defendants violated his First and Fourteenth Amendment rights "by suspending and terminating him from his prison job and removing him from the re-hiring pool in retaliation for his filing a complaint alleging that the defendants had violated disciplinary procedures." (Op. at 2, docket # 12). By reason of a subsequent opinion and order by District Judge Robert Holmes Bell (docket #s 14, 15), the retaliation claim against all defendants except defendant D. Lawrence was dismissed. Significantly, the court also dismissed plaintiff's claim for due-process, conspiracy, intentional infliction of emotional distress, and gross negligence. (Op. at 14, docket # 14). Process was served on defendant Lawrence alone, limited to plaintiff's First Amendment retaliation claim.

Presently pending before the court is plaintiff's motion to quash a subpoena served by counsel for defendant Lawrence on the Michigan Department of Corrections, seeking production of all plaintiff's medical and psychological records. Defendant has filed a lengthy brief (docket # 30) in opposition to the motion, arguing that plaintiff's mental and psychological conditions have been placed at issue because of various allegations in the complaint. Upon review, the court determines that defendant's position is not meritorious and that plaintiff's medical records are not relevant or discoverable under the standards established by Fed. R. Civ. P. 26(b)(1).

## Discussion

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Therefore, in order to be discoverable, information must be both non-privileged and relevant to a claim or defense. Plaintiff's motion to quash raises questions of both privilege and relevance.

In federal-question cases, questions of privilege are governed by the federal common law. FED. R. EVID. 501. Federal law does not recognize an evidentiary privilege for communications between doctor and patient or for general medical records. *See Hancock v. Dodson*, 958 F.2d 1367 (6th Cir. 1992). In 1996, however, the Supreme Court held that confidential communications between a licensed psychotherapist and patients in the course of diagnosis or treatment are protected from compelled disclosure under Evidence Rule 501. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Defendant's broad subpoena (and the authorization form tendered by defense counsel) cover both general medical records and psychiatric records, thus calling for both privileged and non-privileged medical records.

The federal courts hold that a litigant waives the psychotherapist-patient privilege when, by seeking damages for emotional distress, he places his psychological state at issue in the litigation. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). The courts have struggled, however, in defining the precise circumstances in which a plaintiff may be deemed to have placed his psychological condition at issue.

The courts have generally adopted three divergent approaches to this question. The so-called "narrow approach" holds that a patient waives the privilege only when he puts the substance of the advice from or communication with the psychotherapist directly at issue in the suit. *See Koch v. Cox*, 489 F.3d 384, 389 (D.C. Cir. 2007). Courts following this approach find a waiver of the privilege only where the emotional distress claims are "severe," where the plaintiff relies on communications with the therapist as part of the case itself, or where the plaintiff intends to offer expert testimony on a claim of emotional distress. *Id.* at 390; *see, e.g., St. John v. Napolitano*, 274 F.R.D. 12, 17-19 (D.D.C. 2011). At the other end of the spectrum, the broad approach holds that a plaintiff puts his mental condition at issue simply by making a claim for emotional distress damages. *See Koch*, 489 F.3d at 390. The "middle ground approach" -- which has become the majority view -- holds that where a plaintiff "merely alleges 'garden-variety' emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege." *Koch*, 49 F.3d at 390. This approach requires a careful evaluation of the kind of emotional distress claimed before finding a waiver. *See, e.g., Awalt v. Marketti*, 287 F.R.D. 407, 418 (N.D. Ill. 2012). The motivating principle of the majority rule is a concern for fairness -- a party should not be able to inject his psychological treatment, condition, or

symptoms into a case and expect to be able to prevent discovery of information relevant to those issues. *Id.* at 418-19.

In the absence of binding Sixth Circuit authority, this court will follow the majority rule, which precludes discovery where a plaintiff merely alleges a garden-variety emotional distress claim, that is, claims limited to emotional distress damages that "naturally flow from the defendant's alleged misconduct." *Awalt*, 287 F.R.D. at 418.

Application of the majority approach to the allegations in plaintiff's complaint results in a finding that plaintiff has not placed his mental condition at issue. Plaintiff originally alleged a claim for the intentional infliction of emotional distress. Had this claim not been dismissed, plaintiff's mental condition certainly would have been at issue in this case. That claim, however, is no longer part of this litigation. The only remaining claim is a First Amendment retaliation claim involving plaintiff's loss of a prison job. Plaintiff does not directly assert a claim for emotional distress damages arising from the retaliation claim. Even if he did, however, such a claim would be precluded by federal law. The Prison Litigation Reform Act prohibits a prisoner from bringing a civil action "for mental or emotional injuries suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Hence, the only remaining claim in the case -- First Amendment retaliation resulting in the loss of a prison job but not involving any physical injury -- cannot possibly result in the award of emotional distress damages. *See, e.g., Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (claim for emotional distress resulting from retaliatory conduct properly dismissed under § 1997e(e) in the absence of an allegation of physical injury). Hence, there is no claim presently pending before the court that might be deemed a waiver of a psychotherapist-patient privilege.

Plaintiff's general medical records are not subject to a federally recognized privilege. Nevertheless, in order to be discoverable, these records must be relevant to some claim or defense in the case. FED. R. CIV. P. 26(b)(1). Despite defendant's strenuous arguments to the contrary, plaintiff's claim for "compensatory" damages does not remotely suggest a claim for personal injuries of some sort. Plaintiff's First Amendment retaliation claim features no aspect of personal injury or other physical harm to plaintiff. Plaintiff's medical records are plainly irrelevant to this case.

## Conclusion

For the foregoing reasons, plaintiff's motion to quash will be granted.


Dated: June 3, 2013                     /s/ Joseph G. Scoville
                                                       United States Magistrate Judge